UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ROBERT P. WATSON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-2165 (JAG) |
| GRACE ROGERS, et al., | : OPINION |
| Defendants. | : |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motions to dismiss the Amended Complaint by defendants Philip Morris; John Middleton, Inc.; Lorillard Tobacco Company; R.J. Reynolds Tobacco Company; Brown & Williamson Holdings, Inc.; Lane Limited; and M. Bernstein & Sons (collectively, the "Moving Defendants"), pursuant to FED. R. CIV. P. 12(b)(6), for failure to state a claim upon which relief can be granted.[1]  For the reasons set forth below, Moving Defendants' motions to dismiss shall be granted.

**I. BACKGROUND**

Pro se plaintiff Robert Watson ("Plaintiff") is a prisoner at the Adult Diagnostic and Treatment Center ("ADTC") in Avenel, New Jersey. (Am. Compl. at 3.)  Plaintiff states that he

---

[1] Defendant Philip Morris filed a motion to dismiss on November 2, 2007. (Docket Entry No. 64.)  On November 8, 2007, defendants John Middleton, Inc.; Lorillard Tobacco Company; and M. Bernstein & Sons each filed separate motions to dismiss. (Docket Entries No. 69, 70 & 71.)  Defendants R.J. Reynolds Tobacco Company, Brown & Williamson Holdings, Inc., and Lane Limited filed jointly a motion to dismiss on November 8, 2007. (Docket Entry No. 72.)

has "been subjected to a substantial health hazard; specifically, elevated levels of second hand smoke." (Id. at 4.) He alleges that Moving Defendants "continue[] to sell tobacco products at A.D.T.C., which it dose [sic] with knowledge of the documented health risk that tobacco products pose to the public." (Id. at 11-12.)

Plaintiff asserts that this Court has jurisdiction over his claims under 42 U.S.C. § 1983 pursuant to the "First Amendment, Eighth Amendment, Fifth Amendment, Fourteenth Amendment, 1997(e)e, violation of New Jersey's Clean Air Act N.J.S.A. 26.3D 55-63, [sic] [and] 28 U.S.C. § 1915(g)." (Id. at 1-2.) In his prayer for relief, Plaintiff requests

> damages against members of the tobacco industry who are responsible for the production and marketing of a harmful product that Plaintiff has been exposed to in conjunction with the Department of Corrections in the State of New Jersey to conspire to introduce this known harmful toxin (tobacco) in an environment that it would otherwise not exist.

(Id. at 9.)

## II. STANDARD OF REVIEW

A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his allegations that will entitle him to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007); see also In re Warfarin, 214 F.3d at 397 (stating that a

complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 127 S. Ct. at 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (internal citations omitted). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).

   A court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994); see also Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him to relief, not whether that person will ultimately prevail. Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997). "The defendant bears the burden of showing that no claim has been presented." Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

In reviewing a motion to dismiss, pursuant to Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); see also 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure: Civil 3d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The court's review of the sufficiency of a *pro se* complaint, "however inartfully pleaded," is less stringent than its review of pleadings prepared by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A court must assume a *pro se* plaintiff's factual allegations are true and construe his claim liberally. See Nietzke v. Williams, 490 U.S. 319, 330 n. 9; Roman v. Jeffes, 904 F.2d 192, 197 (3d Cir. 1990).

### III. ANALYSIS

After liberally construing the Amended Complaint, this Court finds that Plaintiff has raised a Section 1983 claim against Moving Defendants for allegedly violating his First, Fifth, Eighth, and Fourteenth Amendment rights. Plaintiff also alleges that Moving Defendants

4

violated the New Jersey Smoke Free Act (the "NJSFA").[2] This Court shall analyze Moving Defendants' arguments supporting dismissal of the aforementioned claims.

**A.     Plaintiff's § 1983 Claim Fails Because Tobacco Companies Are Not State Actors**

In order to state a cause of action under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, which was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

A "private firm does not become a state actor by selling its products to the government." Steading v. Thompson, 941 F.2d 498, 499 (7th Cir. 1991); see also Vincent v. Trend W. Technical Corp., 828 F.2d 563, 567-68 (9th Cir. 1987). Several courts have held that tobacco manufacturers are private entities, and that the mere sale of their products in state penal institutions does not transform them into state actors acting under the color of state law. See Steading, 941 F.2d at 499; D'Allesandro v. Bugler Tobacco, No. 05-5051, 2007 WL 748443, at *2 (D.N.J. March 7, 2007); Johnson v. Lorillard, No. 01-9587, 2002 WL 1203842, at *2 (S.D.N.Y. June 3, 2002); Gonzalez v. Republic Tobacco Co., No. 98-7228, 2000 WL 343236, at *1 (N.D. Ill. March 31, 2000); Adul-Ahad v. Top Tobacco Co., No. 99-4067 1999 WL 967514, at *2 (N.D. Ill.Oct. 6, 1999).

Plaintiff attempts to circumvent the holding in these cases by arguing that a "Master

---

[2] Plaintiff claims that this Court has jurisdiction, pursuant to the "New Jersey Clean Air Act N.J.S.A. 26.3D 55-63 [sic]." However, New Jersey has no statute entitled the New Jersey Clean Air Act. Since the citation provided in the Amended Complaint is that of the New Jersey Smoke Free Act, this Court shall construe the Amended Complaint as alleging a violation of the New Jersey Smoke Free Act.

Settlement Agreement,"[3] entered into by the State of New Jersey and Moving Defendants, among others, creates a partnership between Moving Defendants and the State of New Jersey and thereby transforms Moving Defendants into state actors. To support this theory, Plaintiff references both the "symbiotic relationship" test and the "close nexus" test used by courts to determine if private actors have been converted into state actors for purposes of a Section 1983 claim.

Conduct by a private actor may constitute state action if a "symbiotic relationship" exists between the state and the private actor such that, "by virtue of the close involvement of the state and interdependence of the actors in the association formed and the challenged activity, the conduct complained of is in fact 'fairly attributable' to the state." Crissman v. Dover Downs Entertainment, Inc., 289 F.3d 231, 240-41 (3d Cir. 2002) (interpreting Burton v. Wilmington

---

[3] Plaintiff does not attach a copy of this Master Settlement Agreement to any of the pleadings. However, in his opposition papers, Plaintiff cites to N.J. STAT. ANN. § 52:4D-1(e), which describes this Master Settlement Agreement as follows:
> On November 23, 1998, leading United States tobacco product manufacturers entered into a settlement agreement, entitled the 'Master Settlement Agreement,' with the State. The Master Settlement Agreement obligates these manufacturers, in return for a release of past, present and certain future claims against them as described therein, to: pay substantial sums to the State, tied in part to their volume of sales; fund a national foundation devoted to the interests of public health; and make substantial changes in their advertising and marketing practices and corporate culture, with the intention of reducing underage smoking.

In order to sell its products in the State of New Jersey, a tobacco company must either become a party to the Master Settlement Agreement or make payments of a specified amount into an escrow account. N.J. STAT. ANN. § 52:4D-3.

John Middleton, Inc. asserts in its motion papers that it is not a party to the Master Settlement Agreement. Since this Court is unconvinced that the Master Settlement Agreement converts Moving Defendants into state actors, this Court need not scrutinize the veracity of John Middleton, Inc.'s assertion.

Parking Auth., 365 U.S. 715 (1961)). The primary inquiry is "whether the government has insinuated itself into a position of interdependence with the defendant." Brown v. Philip Morris Inc., 250 F.3d 789, 803 (3d Cir. 2001) (internal citations and quotations omitted). Courts look "first at the relationship, and test whether the conduct could be linked to the joint beneficial activities . . . ." Crissman, 289 F.3d at 241.

Private actors may also engage in state action when "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 52 (1999) (citing Jackson v. Metro. Edison Co., 419 U.S. 345, 350 (1974)). A close nexus is said to exist "if the State has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Id. "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State . . . ." Id.

"Regardless of what test is ultimately applied, the object of the inquiry is to determine whether a private entity has exercised powers traditionally reserved exclusively to the government, or whether the defendant exercised power possessed by virtue of [state] law and made possible only because the wrongdoer is clothed in the authority of [state] law." Brown, 250 F.3d at 801.

After analyzing the facts of this case, this Court finds that there exists no "symbiotic relationship" or "close nexus" between the State of New Jersey and Moving Defendants by virtue of the existence of the "Master Settlement Agreement." Although the Master Settlement Agreement creates duties and obligations to which tobacco manufacturers selling products in

New Jersey must adhere, it does not create an interdependent relationship between the State and the tobacco companies. Plaintiff cites to no case law showing that a settlement agreement reached in resolution of a litigation matter creates a symbiotic relationship or a close nexus between its signatories.

Although this Court has only reviewed the statutory description of the Master Settlement Agreement, and not its terms, the Master Settlement Agreement appears to function akin to a regulation imposing fees and other limits on the sale of tobacco products in the State of New Jersey. Tobacco companies do not rely on the State of New Jersey to sell their tobacco products, but are merely required to fulfill certain requirements set forth in the Master Settlement Agreement and N.J. STAT. ANN. §§ 52:4D-1 et seq.

As the Amended Complaint has not set forth sufficient facts upon which this Court can conclude that Moving Defendants acted under color of state law, Plaintiff's Section 1983 claim against Moving Defendants must be dismissed.

**B.**     **The New Jersey Smoke Free Act Does Not Create a Private Right of Action**

The NJSFA prohibits smoking in indoor public places and workplaces, with limited exceptions. See N.J. STAT. ANN. § 26:3D-58. However, the NJSFA provides no private right of action to plaintiffs aggrieved by a violation of its terms. N.J. STAT. ANN. § 26:3D-62(e) ("[T]here shall be no private right of action against a party for failure to comply with the provisions of this act."). As a matter of law, Plaintiff cannot articulate a viable claim against Moving Defendants under the NJSFA.

## IV. CONCLUSION

For the reasons stated above, Moving Defendants' motions to dismiss the Amended Complaint shall be granted.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Date: May 22, 2008