UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ROBERT WATSON,** | : | Honorable Madeline Cox Arleo |
| Plaintiff, | : | Civil Action No. 07-2165 (GEB) |
| -v- | : | |
| **GRACE ROGERS, et al.,** | : | **REPORT AND RECOMMENDATION** |
| Defendants, | : | |

## BACKGROUND

On May 5, 2007, pro se Plaintiff, Robert Watson ("Plaintiff"), brought this civil rights action, pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise out of his alleged exposure to second hand smoke as a prisoner at the Adult Diagnostic and Treatment Center ("ADTC") in Avenel, New Jersey. At the time Plaintiff filed the Complaint, he was incarcerated at the ADTC.

On January 5, 2009, the Court received Plaintiff's letter of November 13, 2008, advising the Court that he had been transferred to the custody of the Montana Department of Corrections. His letter further provided the Court with the following new address: "Robert P. Watson AO # 26619; 700 – Conley Lake Road; Deer Lodge, NJ 59722," to which all legal correspondence should be sent. (Dkt. # 145).

On March 20, 2009, a copy of District Judge Greenaway's Opinion of March 20, 2009, granting Defendants Correctional Medical Services' and Dr. John Hochberg's motion to dismiss, was mailed to Plaintiff at the Montana State Prison address. However, on April 6, 2009, the copy of Judge Greenaway's Opinion was returned to the Clerk's Office with a notation stating, "Return to Sender" because the "[i]nmate [was] paroled or discharged." (Dkt. # 148). Plaintiff did not

provide this Court with his new address upon his release from the Montana State Prison.

On September 10, 2009, this Court filed an Amended Scheduling Order with a discovery end date of December 1, 2009 and a summary judgment motion deadline of January 15, 2010. (Dkt. # 149). A copy of the Amended Scheduling Order was mailed to Plaintiff at the Montana prison address. On September 18, 2009, the Amended Scheduling Order was returned as "undeliverable" to the Court because the Plaintiff addressee was "unknown." (Dkt. # 150).

On May 3, 2010, defense counsel wrote to the Court, stating that, since January 5, 2009, Plaintiff has not provided defense counsel or the Court with any new address; has not engaged in the discovery process, including his failure to be available for deposition; and has not otherwise been diligently prosecuting his case.

The Court notes that, as of this date, Plaintiff has neither participated in the prosecution of his case, nor provided this Court with any change of address information, pursuant to Local Civil Rule 10.1(a).

## DISCUSSION

Plaintiff's failure to prosecute this action requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness

of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id. Each factor will be discussed in turn.

    1.    The Extent of the Party's Personal Responsibility

First, after Plaintiff's release from the custody of the Montana State Prison, in or about early April 2009, he failed for more than one year to provide the Court with his address, despite his obligation to do so, pursuant to L. Civ. R. 10.1(a). Both defense counsel and this Court have made repeated attempts to correspond with Plaintiff at his last known address, the Montana State Prison, but to no avail. Plaintiff has also failed to comply with Amended Scheduling Order of this Court, which included deadlines for completing discovery and filing summary judgment motions. Plaintiff's failure to comply with the Court's Orders and Rule 10.1(a) demonstrate his personal lack of responsibility in prosecuting his claim. Accordingly, such conduct weighs in favor of dismissal.

    2.    Prejudice to the Adversary

Second, Plaintiff's repeated failure to inform this Court or his adversary of his current address for more than one year and his failure to engage in discovery makes it impossible to determine his interest in pursuing this action, and for discovery to proceed, summary judgment motions to be filed, or a final pretrial conference to be scheduled. I am satisfied that Defendants have been prejudiced by Plaintiff's failure to prosecute this case and comply with this Court's Order and the Local Civil Rules.

    3.    A History of Dilatoriness

Third, Plaintiff's actions indicate a recent history of non-compliance. As noted above, Plaintiff has failed for more than a year to provide this Court or his adversary with his current address or participate in discovery since his release from prison. Yet, on November 13, 2008,

3

Plaintiff wrote to the Court to provide his then most current address at the Montana State Prison. As such, Plaintiff has clearly demonstrated an ability to correspond with the Court and acknowledge his responsibility to provide his most current address.

    4.    <u>Whether the Attorney's Conduct was Wilful or in Bad Faith</u>

The fourth <u>Poulis</u> factor is not applicable here because Plaintiff is appearing as a <u>pro se</u> litigant. Yet, Plaintiff has not provided this Court with any justification for his non-compliance for more than one year. I am satisfied that Plaintiff has made a willful decision not to litigate this civil action as demonstrated by his recent pattern of dilatoriness and lack of cooperation.

    5.    <u>Alternative Sanctions</u>

Fifth, alternative sanctions would not be appropriate. Plaintiff has demonstrated an apparent lack of desire to prosecute this civil action.

    6.    <u>Meritoriousness of the Claim</u>

Finally, as to the sixth factor, I cannot determine the meritoriousness of the claims based upon my review of the pleadings.

A balancing of the <u>Poulis</u> factors weighs in favor of dismissing this action with prejudice. Not all of the <u>Poulis</u> factors need to be satisfied in order to enter a dismissal. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, following his release from prison in or about April 2009, Plaintiff failed both to prosecute this action and to comply with the Amended Scheduling Order of this Court and Local Civil Rule 10.1(a). As such, a final pretrial conference cannot be scheduled, and Defendants cannot move for summary judgment. Therefore, the sanction of dismissal is merited.

**CONCLUSION**

For the reasons set forth above, I recommend that the Plaintiff's Amended Complaint be dismissed with prejudice. The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully submitted,


*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

Dated: May 6, 2010